UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY LOWE,<br><br>                Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>                Defendant. | Case No.: 1:20-cv-11546<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>  1. **FCRA, 15 USC §1681** *et seq.* |

Plaintiff Kimberly Lowe ("Plaintiff"), through her attorneys, alleges the following against Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, against Experian for its unlawful reporting of inaccurate information on Plaintiff's credit report and for its failure to conduct a reasonable reinvestigation after receiving notice of a dispute.

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district

3. Defendant transacts business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in residing in Plymouth County, Massachusetts.

5. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Experian is a "credit reporting agency" as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Upon information and belief Defendant disburses consumer reports to third parties under contract for monetary compensation.

8. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. On or about June 24, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for Massachusetts, case number 19-12127.

10. In October of 2019, Plaintiff's Chapter 7 bankruptcy was discharged.

11. Plaintiff was eager to begin working on improving her credit following her bankruptcy.

12. Sometime after receiving her discharge, Plaintiff reviewed her Experian, Equifax and Trans Union credit reports to ensure that her bankruptcy discharge was being reported accurately.

13. Plaintiff discovered that her Experian credit report was completely devoid of any reference to her bankruptcy filing or discharge. Plaintiff's discharged debts were all still reporting as owed.

14.     Plaintiff's Experian credit report looked exactly as it did prior to the filing of her bankruptcy petition on June 24, 2019.

15.     The derogatory creditors ceased updating the negative accounts to Experian following Plaintiff's discharge in 2019.

16.     Nevertheless, Experian continued to report the negative status of those accounts in mid-2020; despite not receiving any updated credit information from those discharged creditors.

17.     Plaintiff's Equifax and Trans Union credit reports both accurately reflected Plaintiff's bankruptcy discharge.

18.     On or about June 12, 2020, Plaintiff sent a dispute letter to Experian, informing Experian that her credit report was not being reported accurately.

19.     Plaintiff's dispute letter included Plaintiff's date of birth, social security number, address, full name and bankruptcy case number.

20.     On or about June 30, 2020, Experian responded to Plaintiff's letter.

21.     Experian's response informed Plaintiff that Experian was "unable to honor your request" due to the "limited amount of information regarding your dispute."

22.     Plaintiff's bankruptcy filing and discharge are reporting in public records.

23.     Experian's failure to identify the bankruptcy is due to its unreliable automated procedures for obtaining this information from its vendor.

24. Experian knew or should have known that something was wrong when the derogatory accounts (which had been updating charge off status monthly prior to the bankruptcy) ceased providing any monthly update.

25. Plaintiff's dispute provided sufficient information to further place Experian on notice that it had missed Plaintiff's bankruptcy.

26. Upon information and belief, Experian proactively seeks out and pays for consumer public record bankruptcy information in order to post it to their credit reports. Experian has been conducting such inquiries via third party vendors for many years and searches daily for all U.S. consumer bankruptcy filings with the purpose of reporting them to consumers' credit report.

27. Upon information and belief, Plaintiff's Experian credit report is still being reported as if her Chapter 7 bankruptcy filing and discharge never happened.

28. Experian is reporting that Plaintiff owes debts that she does not actually owe, thereby damaging her credit scores.

29. As a result of Experian's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

30. Experian's inaccurate reporting is particularly aggravating of Plaintiff's damages because it failed entirely to report any of Plaintiff's debt as discharged in

bankruptcy and its inaccurate reporting damaged Plaintiff's credit, which she is attempting to rebuild after her bankruptcy.

31. Experian caused Plaintiff stress and anxiety about her credit reputation and a belief that she may still debt on multiple accounts that she believed were discharged in bankruptcy.

32. Experian's reporting has caused Plaintiff to be denied credit and to receive credit at less favorable terms.

## COUNT I
### Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*

33. Plaintiff incorporates by reference paragraphs one (1) to twenty-six (26) of this Complaint as though fully stated herein.

34. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

35. Defendant failed to report the filing or discharge of Plaintiff's Chapter 7 bankruptcy and continued to report all of Plaintiff's discharged debts as still owed.

36. Defendant violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

37. The FCRA further provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(l)(A).

38. Within the two years preceding the filing of this complaint, Plaintiff notified Defendant of inaccuracies in her credit report and asked Defendant to correct the inaccuracies.

39. Defendant failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

40. Defendant failed to review and consider all relevant information submitted by Plaintiff.

41. As a result of the above-described violations of § 1681e(b) and § 1681i, Plaintiff has sustained damages, including the loss of credit opportunities and favorable credit terms, emotional distress, humiliation, and mental anguish.

42.   Defendant's violation was willful, rendering Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

43.   Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kimberly Lowe respectfully requests judgment be entered against Defendant Experian Information Solutions, Inc. for the following:

    A. Declaratory judgment that Defendant violated the FCRA;

    B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

    D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

    F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 17th day of August 2020.

By: */s/ Nicola Yousif*

Nicola Yousif, Esq. (MA# 679545)
Law Offices of Attorney Nick Yousif, LLC
157 Belmont Street
Brockton, MA 02301
T: (508) 588-7300
nick@yousiflaw.com

Matthew A. McKenna, Esq. (MA# 705644)
Law Offices of Attorney Nick Yousif, LLC
157 Belmont Street
Brockton, MA 02301
T: (508) 588-7300
matt@yousiflaw.com
*Attorneys for Plaintiff*
*Kimberly Lowe*